UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL GULVIN,

                                        Plaintiff,

                                                        **Hon. Hugh B. Scott**


                                                        **12CV564A**

                     v.
                                                        **Report**
                                                        **&**
                                                        **Recommendation**


MERCY FLIGHT,

                                        Defendant.

---

        This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 10).  The instant matter before the Court is the motion of defendant (Docket

No. 38)[1] to dismiss this action for failure to prosecute.  Responses to this motion were due by

March 4, 2014, with any reply due by March 11, 2014 (Docket No. 43).  Plaintiff, now

proceeding pro se, did not respond.

                                **BACKGROUND**

        This is an action commenced under the Americans with Disabilities Act, 42 U.S.C.

§§ 12201 et seq., against plaintiff's former employer.  When commenced, plaintiff was

represented by counsel, Christina Agola, Esq.  Agola's later withdrawal as counsel (Docket

---

        [1] In support of this motion, defendant submits its Memorandum of Law, Docket No. 39;
its attorney's Declaration, Docket No. 40; and its proof of service upon plaintiff, Docket No. 42;
cf. Docket No. 41.  Plaintiff did not file any response.

No. 35) and plaintiff's subsequent failure to appear at various conferences or to respond to this very motion lead to this Report & Recommendation.

On June 24, 2013, this Court amended the Scheduling Order (cf. Docket Nos. 14, 16), setting dispositive motions to be due by September 30, 2013 (Docket No. 26). On September 13, 2013, defendant moved to extend its time to file such motions (Docket No. 28), arguing that the extension was necessary because plaintiff (or his counsel) failed to serve a deposition transcript (see Docket No. 40, Def. Atty. Decl. ¶ 3; Docket No. 28). Around the time of this filing, Ms. Agola was suspended from the practice of law by the New York State Supreme Court, Appellate Division (see Docket No. 30); as a result, this Court scheduled what became a series of conferences with plaintiff to argue defendant's motion (potentially rescheduling this case) and to determine the status of plaintiff's representation, with that conference scheduled for October 31, 2013 (id.). On October 31, 2013, defense counsel was present but plaintiff did not appear and the conference and argument did not occur; notice of the next conference, including warning language from Irby v. New York City Transit Authority, 262 F.3d 412 (2d Cir. 2001), about the failure of a pro se party to appear was to be sent to plaintiff directly (Docket No. 31; see Docket No. 32 (rescheduling conference for November 20, 2013)). On November 30, 2013, defense counsel appeared but plaintiff (or his new counsel) did not (Docket No. 33). A new notice was sent to plaintiff, this time at his full, correct address (as identified by defense counsel) for argument of defendant's motion and a status conference on December 18, 2013 (Docket No. 34).

Meanwhile, this Court granted Ms. Agola's motion to withdraw (Docket No. 35). Since November 21, 2013, plaintiff has been presumed to be proceeding pro se. A second attorney, Ryan Woodworth, appeared for plaintiff, but Woodworth worked as an associate of Ms. Agola's

2

firm (see Docket No. 23) and made no appearances after November 21, 2013.  Mail sent by the

Court to plaintiff's Palmyra, New York, address was not returned undelivered.

On December 18, 2013, the argument and status conference again was not held; defense

counsel was present by telephone but plaintiff or new plaintiff's counsel was not present (Docket

No. 36).  On January 9, 2014, defendant's motion to extend the motion deadline was terminated

and a new Scheduling Order entered, with dispositive motions (including a motion to dismiss for

failure to prosecute) due by February 10, 2014 (Docket No. 37).

Defendant then filed its timely motion to dismiss for failure to prosecute (Docket No. 38).

This Court ordered that defendant serve a copy of this motion directly upon plaintiff and to file

proof of that service (Docket No. 41) and defendant filed proof of that service (Docket No. 43).

Defendant argues that it has not heard from plaintiff's now former counsel since August 2013

and had no word from plaintiff himself since his earlier deposition (Docket No. 40, Def. Atty.

Decl. ¶¶ 8, 9).  Alternatively, defendant seeks a further extension of time to file a summary

judgment motion (id. ¶ 12).

## DISCUSSION

I.    Applicable Standards

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to

comply with these rules or a court order, a defendant may move to dismiss this action" with that

dismissal operating as an adjudication on the facts—dismissal with prejudice—unless the Court

states otherwise in the dismissal Order, Fed. R. Civ. P. 41(b); see Lopez v. Smurfit-Stone

Container Enter., Inc., 289 F.R.D. 103, 104-05 (W.D.N.Y. 2013) (Larimer, J.); see also

W.D.N.Y. Loc. Civ. R. 41(b)(as amended effective Jan. 1, 2011).  Failure to prosecute "may be

evidenced by either 'an action lying dormant with no significant activity to move it' or 'a pattern of dilatory tactics'" (Docket No. 39, Def. Memo. at fourth unnumbered page, quoting <u>Lyell Theatre Corp. v. Loews Corp.</u>, 682 F.2d 37, 42 (2d Cir. 1982)).

The Second Circuit has listed several factors that must be considered before dismissal of an action for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure, <u>see</u> <u>Thomson v. Herbert</u>, No. 98CV831, Docket No. 71, 2008 U.S. Dist. LEXIS 63801, at *8-9 (W.D.N.Y. Aug. 18, 2008) (Foschio, Mag. J.) (in case where <u>pro se</u> plaintiff was appointed counsel, citing <u>United States ex rel. Drake v. Norden Sys., Inc.</u>, 375 F.3d 248, 255 (2d Cir. 2004) (applicable to <u>pro se</u> actions), in support of its dismissal for failure to prosecute). First, the Court must consider the duration of plaintiff's failure to comply with the Court's Order; second, whether plaintiff received notice that further delays would result in dismissal; third, whether defendant is likely to be prejudiced by further delays; fourth, whether the Court has taken care to strike the balance between alleviating court calendar congestion and protecting plaintiff's right to due process and a fair chance to be heard; and fifth, whether the judge has adequately assessed the efficacy of lesser sanctions to dismissal, <u>e.g.</u>, <u>Drake</u>, <u>supra</u>, 375 F.3d at 254 (quoted in <u>Ruzsa v. Rubenstein & Sendy Attys at Law</u>, 520 F.3d 176, 177(2d Cir. 2008) (per curiam)); <u>LeSane v. Hall's Sec. Analyst, Inc.</u>, 239 F.3d 206, 209 (2d Cir. 2001) (<u>pro se</u> case); <u>Lucas v. Miles</u>, 84 F.3d 532, 535 (2d Cir. 1996). No one factor is determinative and the dismissal on this basis is reviewed on the entire record, <u>Drake</u>, <u>supra</u>, 375 F.3d at 251.

II.     Application

As for the duration of the delay caused by plaintiff's nonappearance, plaintiff was effectively participating <u>pro se</u> in this action since September 16, 2013, after the suspension of

Ms. Agola and nonappearance by Mr. Woodworth.  Officially, plaintiff was without counsel since Ms. Agola's withdrawal was adopted in November 2013.  Thus, plaintiff has delayed this action at least for over four months, with counsel's inaction for far longer.  Defendant argues that it has been a period of more than six months of inactivity, and, under this Court's Local Civil Rule 41.2, now W.D.N.Y. Loc. Civ. R. 41(b) (2011), should be deemed subject to dismissal for failure to prosecute.

On the notice given to plaintiff, each scheduling or rescheduling of the oral argument and status conference since September 16, 2013, was sent to plaintiff's home in Palmyra (Docket Nos. 32, 34 (sent to plaintiff's full address), 36, 37, 43).  The Court ordered (Docket No. 41) that plaintiff himself be served with this motion when the original certificate of service (Docket No. 38) had the motion only served upon plaintiff's former counsel.  These notices included Irby language on the effect plaintiff's continued failure to appear at these conferences or not responding to moving papers would result in dismissal of his action.

As for the prejudice to defendant, defendant notes that the original reason for the extension of the dispositive motion deadline was the failure of plaintiff's counsel to submit transcripts from plaintiff's deposition.  Then that counsel was suspended and later withdrew.  Plaintiff in effect ceased to appear in this action and defendant could not proceed to a summary judgment motion until that transcript was obtained.  Defendant argues that it is prejudiced because the events underlying this action occurred three years ago and that it had to make the present motion despite plaintiff's apparent disinterest in this case (Docket No. 39, Def. Memo. at fifth unnumbered page).  Defendant thus was prejudiced by the delay.

5

The Court has considered its heavy caseload and balanced it against plaintiff's procedural rights to his day in Court.  It appears that plaintiff has abandoned his action after his attorney was suspended and withdrew from this case.  The repeated notices given to plaintiff directly were attempts to ascertain if plaintiff wished to proceed and, if he chose not to proceed pro se, to identify who his new counsel would be.

Finally, on the option of a lesser sanction than dismissal, there has been no word from plaintiff.  It is not clear that a monetary sanction would be effective.  Plaintiff has not sought appointment of new counsel, indicated his inability to retain replacement counsel after Agola's withdrawal, and it is not clear that any newly appointed counsel could reach plaintiff to represent him here.  As noted in another case by Judge Larimer, "plaintiff's own actions have rendered pointless for the Court to make further attempts to give him notice of the possible consequences of his continued failure to prosecute, and there is no indication in the record that an additional extension will likely result in anything except further delay," Lopez, supra, 289 F.R.D. at 105.

Upon the full record held herein and on all of the factors discussed above, dismissal of this action is appropriate.  The next question is whether this dismissal should be with or without prejudice.  The start of this process was due to the inaction and then withdrawal of counsel, which would counsel dismissal of this action be only without prejudice.  But for the bulk of the time after counsel withdrew plaintiff failed to appear, it appears that plaintiff has consciously abandoned this action.  Thus, the dismissal should be on the merits and **with prejudice**.

Given this recommendation of dismissal, defendant's alternative motion to extend the Scheduling Order is **denied as moot**.

6

## CONCLUSION

Based upon the above, it is recommended that defendant's motion to dismiss this action for failure to prosecute (Docket No. 38) be **granted and this action dismissed with prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and

recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

      SO ORDERED.


                                 /s/ Hugh B. Scott
                                    Hon. Hugh B. Scott
                         United States Magistrate Judge

Dated: Buffalo, New York
       March 11, 2014